COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Benton and Annunziata
Argued at Alexandria, Virginia


MARJORIE BERNARDI GOLDIN
                                             OPINION BY
v.    Record No. 0280-00-4         JUDGE JAMES W. BENTON, JR.
                                          DECEMBER 12, 2000
EDWIN GOLDIN


             FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                Barnard F. Jennings, Judge Designate

          Edward S. Culbertson (Bucholtz & Culbertson,
          P.C., on briefs), for appellant.

          John E. Byrnes (Condo & Masterman, P.C., on
          brief), for appellee.


     Both parties appeal from an order modifying child support,

which was originally established by a settlement agreement that

was incorporated into their divorce decree.  We affirm the order

in part, reverse in part, and remand for reconsideration.

                               I.

     Edwin Goldin and Marjorie Bernardi Goldin were divorced by a

final divorce decree on January 29, 1997.  The final decree

affirmed, ratified and incorporated by reference a property

settlement and separation agreement which required the husband to

pay to the wife child support for the parties' three daughters who

were born May 16, 1976, January 29, 1979, and July 19, 1984,

respectively.  Pertinent to this appeal, the support provisions

are as follows:

A.  Child support

    Commencing on April 1, 1993, the Husband shall pay to the Wife, as and for child support for the three minor children of the parties, the sum of $929.00 per month.  Said sum shall be due and payable on the first day of each and every month.

    The Husband's obligation to pay said child support to the Wife shall not be reduced for any periods of visitation with the children.  The parties acknowledge that the Virginia child support formula takes visitation periods into consideration.

    The parties shall, each year on May 15, disclose their respective gross income from all sources by exchanging their most recent W-2 forms and tax returns and shall re-apply the Virginia child support formula to determine the appropriate amount of child support due.  However, if they are unable to mutually agree on the appropriate amount of child support due, either party may seek relief from a court of competent jurisdiction.

    The Husband's obligation to pay child support for each child shall continue until such time as each child reaches the age of twenty-three (23) or twenty-two (22) years and graduates from college.

B.  Post-Secondary Education Expenses

    In addition to the provisions of child support set forth in this Agreement, the Husband shall pay costs and expenses for the post-secondary education of any child of this marriage who is younger than twenty-three (23) and who is in attendance at any such college, university, trade school or school of higher learning.

    Two years after entry of the final decree, the wife filed a petition against the husband to enforce the agreement.  The wife alleged in part that the husband failed to pay child support and

-

college costs and expenses.  The husband petitioned to modify child support and custody.  Following evidence at the show-cause hearing, the trial judge entered a decree dated October 19, 1999, finding the husband in noncompliance.  The decree ordered the husband to pay the wife child support arrearage in the amount of $29,257 plus interest, ordered the husband to reimburse the wife $15,843.10 for post-secondary education expenses she paid, and granted other relief.  The record does not reflect that either party appealed from that decree.

The husband withdrew his petition to modify custody but continued to seek modification of child support.  At the hearing on his petition, the parties "stipulated to [their] income levels and health insurance cost by way of submitting a child support guideline work sheet."  The statement of facts indicates the parties testified that the middle daughter was no longer a minor and resided with the wife until May 1998.  The husband testified that the middle daughter and her fiancee lived with him for a period of time after May 1998.  The statement of facts also recites that the husband was not permitted to testify concerning the dollar amounts of support he paid for the middle daughter.  Upon this evidence, the trial judge modified the husband's child support payments.  The order (1) relieved the husband of the obligation to support the parties' middle daughter, who was twenty years old at the time of the hearing, (2) reduced the child support for the youngest daughter, who was fifteen years old at

-

the time of the hearing, to $700 per month until she reached age eighteen, or age nineteen if still in high school, and (3) denied each party's request for attorney's fees.

## II.

The wife contends the trial judge erred in ordering that support for the minor child, now age fifteen, would terminate at age eighteen, or nineteen if she was still in high school and living with the wife. The wife argues that the order is contrary to the agreement, which provides a specific amount of support for each child past the age of majority.

The husband contends the order properly tracks the provisions of Code § 20-124.2(C). Although the husband concedes that "the parties' Agreement . . . requires that the [husband] continue to support his children for a period of time after each child becomes emancipated," he argues that "[n]o dollar amount is specified in respect to supporting the adult children and the [wife] is not identified as the payee or recipient of the support."

In pertinent part, Code § 20-109.1 provides as follows:

> Any court may affirm, ratify and incorporate by reference in its decree dissolving a marriage . . . any valid agreement between the parties, or provisions thereof, concerning the conditions of the maintenance of the parties, or either of them and the care, custody and maintenance of their minor children, or establishing or imposing any other condition or consideration, monetary or nonmonetary. Where the court affirms, ratifies and incorporates by reference in

-

its decree such agreement or provision
thereof, it shall be deemed for all purposes
to be a term of the decree, and enforceable
in the same manner as any provision of such
decree.

Applying this statute, we have held that "[i]ncorporation
of the [child support] agreement . . . into the decree rendered
the terms of the agreement so incorporated enforceable as a
decree of the court." Fry v. Schwarting, 4 Va. App. 173, 179,
355 S.E.2d 342, 345 (1987). Pursuant to Code § 20-108, however,
the divorce court retains "continuing jurisdiction after a final
decree of divorce has been entered, to modify its decree with
respect to the . . . maintenance of minor children." Edward v.
Lowry, 232 Va. 110, 112, 348 S.E.2d 259, 261 (1986). This power
to modify child support is not affected by the prior act of
affirming, ratifying and incorporating into the divorce decree
the child support agreement between the husband and wife. Id.

The Supreme Court has held, however, that an agreement
between a husband and wife for the support of their children
after the children attain majority is governed by somewhat
different principles.

A parent has the legal obligation to
support his [or her] children only during
their minority. Of course, this obligation
does not preclude the parent from
contracting to support the children after
their minority. However, where such
contracts are incorporated into support
decrees by a divorce court, they can only be
modified by that court to the extent of its
jurisdiction.

-

> The jurisdiction of a court to provide
> for child support pursuant to a divorce is
> purely statutory. The relevant statutes
> only deal with the court's power to provide
> for support and maintenance of minor
> children. Once the child reaches majority,
> the jurisdiction of the divorce court to
> provide for his support and maintenance
> terminates <u>unless otherwise provided by
> agreement incorporated into the divorce
> decree</u>.

<u>Cutshaw v. Cutshaw</u>, 220 Va. 638, 641, 261 S.E.2d 52, 54 (1979)

(emphasis added) (citations omitted). <u>See</u> <u>also</u> <u>Eaton v. Eaton</u>,

215 Va. 824, 213 S.E.2d 789 (1975); <u>Paul v. Paul</u>, 214 Va. 651,

203 S.E.2d 123 (1974).

In <u>Cutshaw</u>, the parties' agreement, which was affirmed,

ratified, and incorporated into the final decree of divorce,

required the husband to pay twenty-five dollars per week for

support of his children "until modified by a court of competent

jurisdiction or until such time as the last of the two children

leaves the [mother's] home . . . or until the last of said

children shall complete his or her education through the

undergraduate level whichever first occurs." <u>Id.</u> at 639-40, 261

S.E.2d at 53. During the minority of the younger child, the

trial judge increased the husband's payments, such that when the

younger child reached the age of majority the husband was paying

thirty-five dollars per month. <u>Id.</u> at 640, 261 S.E.2d at 53.

The Supreme Court reversed the trial judge's order, which

assessed the husband an arrearage based upon thirty-five dollars

per month for each month the husband failed to pay after the

-

younger child reached the age of majority. Additionally, the Court remanded the case for a recomputation based upon its holding that the trial judge's jurisdiction to provide for support of that child after the child's majority was solely dependent upon the "agreement incorporated into the divorce decree." Id. at 641, 261 S.E.2d at 54. See also Fry, 4 Va. App. at 180-81, 355 S.E.2d at 346. The husband "concede[d] that his contractual obligation to pay child support in the [agreed amount] of $25 per week continue[d] although [the younger child had] reached the age of majority." Cutshaw, 220 Va. at 641, 261 S.E.2d at 54.

In the present case, the parties agreed to an initial payment of $929 per month and further agreed annually to apply the "Virginia child support formula to determine the appropriate amount of child support due" based upon their gross incomes. This agreement obligated the parties to apply this formula to determine the amount of support the husband was obligated to pay even at the children's majority. The agreement provides that "if they are unable to mutually agree . . . either party may seek relief from a court."

Because the youngest child was still a minor, the trial judge retained the power to determine her support. See Edward, 232 Va. at 112, 348 S.E.2d at 261. In part, the trial judge's order provides as follows:

-

> Commencing December 7, 1999, the
> [husband] shall pay to the [wife] Seven
> Hundred Dollars . . . per month in child
> support for the benefit of the parties'
> minor child, . . . to be paid on the first
> day of the month.  In accordance with [Code]
> section 20-124.2(C) . . . said support shall
> be paid until age 18, provided that child
> support shall continue to be paid for any
> child who is (i) a full-time high school
> student, (ii) not self-supporting, and (iii)
> living in the home of the party seeking or
> receiving child support until such child
> reaches the age of nineteen or graduates
> from high school, whichever first occurs.

The husband argues that the order tracks the language of Code § 20-124.2(C).[1]  The wife argues, however, that the agreement was entered into in 1993 before Code § 20-124.2 became effective and that the trial judge's power to modify the child support ceased at the minor child's eighteenth birthday.  She further argues that the trial judge exceeded his authority in making any modification effective through the child's nineteenth birthday.

"One of the basic rules of construction of contracts is that the law in force at the date of making a contract

---

[1] In pertinent part, Code § 20-124.2(C) provides as follows:

> The court may order that support be paid
> for any child of the parties.  The court
> shall also order that support will continue
> to be paid for any child over the age of
> eighteen who is (i) a full-time high school
> student, (ii) not self-supporting, and (iii)
> living in the home of the party seeking or
> receiving child support until such child
> reaches the age of nineteen or graduates
> from high school, whichever first occurs.

determines the rights of the parties under the contract." Paul, 214 Va. at 653, 203 S.E.2d at 125.  The law in effect in 1993 contained a clause, found in former Code § 20-107.2, that is substantially similar to current Code § 20-124.2(C).  That statute also authorized a judge to order support for a child until the age of nineteen or the child's graduation from high school.[2]  Therefore, although the trial judge did not cite the correct statute, the remedy he applied is contemplated by the agreement in this case.  See Paul, 214 Va. at 653, 203 S.E.2d at 125 (holding that the law in effect at the time a contract is made is as much a part of the contract as if incorporated therein).  Accordingly, we hold that the trial judge's power to modify the support payment of the minor child continues until she reaches the age of nineteen or graduates from high school, whichever first occurs, provided the child meets all the requirements of former Code § 20-107.2.

We also note that the trial judge's order does not state that support for this child will terminate upon the happening of

---

[2] Former Code § 20-107.2 included the following provision:

> The court may also order that support be paid for any child of the parties and, if support is ordered, the court shall order that it will continue to be paid for any child who is (i) a full-time high school student, (ii) not self-supporting and (iii) living in the home of the parent seeking or receiving child support until such child reaches the age of nineteen or graduates from high school, whichever first occurs.

-

those events.  In short, this portion of the order does not address the effect of the parties' agreement after the minor child reaches eighteen, or nineteen and is still in high school.  In Eaton, the Supreme Court noted as follows:

> [T]he divorce court's jurisdiction over the child is eliminated ipso facto when the child reaches his majority.  Moreover, the same event terminates, by operation of law, the prospective effect of the judicial support decree.  The statutory limitation on the divorce court's authority to order payment of the child support cannot be nullified by the entry of a support order during minority.

215 Va. at 827, 213 S.E.2d at 792.  When the child is no longer a minor and the conditions of former Code § 20-107.2 are not applicable, the agreement will again provide the conditions of support for this child.  See Cutshaw, 220 Va. at 641, 261 S.E.2d at 54.

When we presume, as we must, that the "trial judge properly based his decision on the evidence presented . . . and properly applied the law," Alphin v. Alphin, 15 Va. App. 395, 400, 424 S.E.2d 572, 575 (1992), we conclude that the order does not expressly terminate child support for the minor child when she reaches her majority.  We will not presume the trial judge intended by implication to do what the law forbids by ruling contrary to the parties' agreement.  Accordingly, we hold that the trial judge's order does not address the issue of post-minority support, that the parties lawfully may contract to

-

provide support to children after their minority, and that such an agreement for post-minority child support, which has been incorporated by reference in the divorce decree, is enforceable. See Cutshaw, 220 Va. at 641, 261 S.E.2d at 54; Paul, 214 Va. at 653-54, 203 S.E.2d at 125. In so ruling, we reject the husband's argument that he alone decides the amount of support he must pay to the children post-minority. The parties' agreement controls. Upon these principles, we affirm those portions of the order determining the support of the minor child.

### III.

The wife next contends the trial judge erred in terminating support for the middle daughter, who was age twenty at the time of the hearing. The husband argues that his obligation to support the children after a child attained the age of majority does not specify the amount, contains no due date, and does not identify the payee. He also argues as follows:

> [T]he trial [judge] heard evidence that the [husband] continued to pay support for . . . his adult child. [She] and her fiancee came to live with the [husband] after she became pregnant and was asked to leave the [wife's] home. The [husband's] uncontroverted testimony showed that he has been, and continues to, support his adult child, and thus, he was complying with the Agreement.

Terminating the husband's obligation, the trial judge ruled, however, that the adult child "no longer resides with the [husband] . . . [and that the] Agreement does not provide for

-

child support in such circumstances where the child does not reside with the parent who receives child support." That ruling is erroneous.

Support agreements that are voluntarily made by the parties are subject to the same rules of construction applicable to contracts generally. See Tiffany v. Tiffany, 1 Va. App. 11, 15, 332 S.E.2d 796, 799 (1985). The parties' agreement expressly provides that "[t]he husband's obligation to pay child support for each child shall continue until such time as each child reaches the age of twenty-three . . . or twenty-two . . . years and graduates from college." The evidence proved that the middle child had not reached age twenty-three but did not prove her college status. Nothing in the agreement conditions the husband's support obligation upon the place of the child's residence. Cf. Tiffany, 1 Va. App. at 17, 332 S.E.2d at 800 (holding that the father had to pay college costs because the agreement provided him no explicit veto over college selection). Moreover, the issues of amount, due date, and payee are covered in Section V (Child Support) of the agreement. Accordingly, we hold that, upon the evidence in this record, the trial judge erred in terminating the husband's support obligation for the middle daughter.

IV.

By cross-appeal, the husband contends the trial judge failed to make findings to support a deviation from the child

-

support guidelines and that the record fails to support the deviation.

Code § 20-108.1(B) provides a rebuttable presumption that the amount of support which would result from the application of the guidelines in Code § 20-108.2 is correct. "In order to rebut the presumption, the [trial judge] shall make written findings in the order." Code § 20-108.1(B). The order contains no such findings. Accordingly, we hold that the trial judge erred. We reverse the order and remand for reconsideration. See Richardson v. Richardson, 12 Va. App. 18, 401 S.E.2d 894 (1991).

V.

The husband also contends the trial judge erred in refusing to apply the support modification as of the date he filed his petition. Code §§ 20-108 and 20-112 permit the trial judge to modify the support order "with respect to any period during which there is a pending petition for modification, but only from the date that notice of such petition has been given to the responding party." We have held that "whether to make modification of a support order effective during a period when a petition is pending is entirely within the discretion of the trial [judge]." O'Brien v. Rose, 14 Va. App. 960, 965, 420 S.E.2d 246, 249 (1992). The record fails to establish an abuse of discretion.

-

For these reasons, we affirm parts of the trial judge's order, reverse parts of the order, and remand for reconsideration.  The parties shall bear their own costs of appeal.

<u>Affirmed, in part,</u>
<u>reversed, in part,</u>
<u>and remanded</u>.