COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Clements and Senior Judge Hodges
Argued at Chesapeake, Virginia

WAYNE McCLELLAN

                                      MEMORANDUM OPINION[*]

v.   Record No. 0769-01-1        JUDGE WILLIAM H. HODGES

                                         FEBRUARY 5, 2002

PRISCILLA JO McCLELLAN

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Samuel B. Goodwyn, Judge

> Moody E. Stallings, Jr. (Melinda F. Seemar;
> Stallings & Richardson, P.C. on brief), for
> appellant.
>
> Jack E. Ferrebee for appellee.

Wayne McClellan (husband) appeals the decision of the circuit court overruling the finding of the commissioner in chancery. The commissioner had determined that husband and Priscilla Jo McClellan (wife) had not reached a meeting of the minds concerning a spousal support provision in their property settlement agreement. On appeal, husband contends the trial court erred in determining that under the parties' oral stipulation agreement, husband's spousal support obligation could be modified only after wife's earned income exceeds $30,000 per year. Husband asks that we reverse the trial court's ruling and declare that the agreement allows for support modification when wife's income reaches the

---

     * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

specified amount, inclusive of support payments she received from husband.

On appeal, we view the evidence and all reasonable inferences in the light most favorable to wife as the party prevailing below. See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

## Procedural Background

The parties married on April 28, 1972.  After living separate and apart for over one year, they divorced on February 22, 2001. The parties negotiated a separation agreement.  Following execution of the agreement, the matter was referred to a commissioner in chancery for the presentation of evidence concerning grounds for divorce and the separation agreement.  The commissioner bifurcated the proceeding and filed a report with the court, finding that the parties failed to arrive at a meeting of the minds with respect to the modification of spousal support.  He recommended the support provision be stricken from the agreement. Wife filed exceptions to the commissioner's report, and the circuit court found that the parties had reached an agreement concerning spousal support modification.  The court held that the language of the agreement plainly provided that spousal support would not be modifiable until wife earned income, exclusive of spousal support, in excess of $30,000 annually.  The agreement was thereafter affirmed, ratified, and incorporated into the final decree of divorce.

-

## Analysis

During the course of the divorce action, the parties met, negotiated the agreement with counsel present, and dictated its terms to the court reporter. Both parties acknowledged that the agreement, as dictated, was their agreement. The provision at issue states:

> [H]usband shall pay to wife the amount of $2,250 per month as and for spousal support. The spousal support payments will be includable in wife's gross income . . . . Now, during the time husband has a spousal support obligation, it remains modifiable by a court of competent jurisdiction. For the purposes of modification, wife's income up to $30,000 shall be excluded from any consideration by the Court until she is 65 years old. Conversely, wife nay not move for an increase in spousal support using the fact that she has income of less than $30,000 a year.

"Support agreements that are voluntarily made by the parties are subject to the same rules of construction applicable to contracts generally." Goldin v. Goldin, 34 Va. App. 95, 107, 538 S.E.2d 326, 332 (2000). "Where a settlement agreement is unambiguous, its meaning and effect are questions of law to be determined by the court." Douglas v. Hammett, 28 Va. App. 517, 523, 507 S.E.2d 98, 101 (1998). "Although parties may advance different interpretations of the provisions in an agreement, this 'does not necessarily imply the existence of ambiguity where there otherwise is none.'" Id. (quoting Smith v. Smith, 3 Va. App. 510, 513-14, 351 S.E.2d 593, 595 (1986)).

-

The contract expressly imputes $30,000 in annual earned income to wife in determining the appropriate amount of spousal support. The contract then provides that her support payments from husband cannot be modified downward unless wife actually earns more than $30,000 per year at some future date. The agreement expressly prohibits consideration of a modification until that threshold is exceeded. The $30,000 figure was based upon wife's earning capacity and clearly was not meant to include the amount wife received from husband in support.

Husband's interpretation of the contract illogically would allow for immediate modification of the support provision, as wife earned between $12,000 and $14,000 at the time the parties agreed to the $27,000 support figure.

The trial court did not err in overruling the commissioner's finding. Accordingly, the decision of the circuit court is affirmed.

<u>Affirmed.</u>