UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Huff, Judges Beales and Decker
Argued at Salem, Virginia


MICHELLE DAWN YODER

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1023-17-3                 JUDGE MARLA GRAFF DECKER
                                                    DECEMBER 11, 2018

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Victor V. Ludwig, Judge

Eric M. Anderson, Assistant Public Defender, for appellant.

Rachel L. Yates, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


        Michelle Dawn Yoder appeals her conviction for driving after forfeiture of her license, a

third such offense within ten years, in violation of Code § 18.2-272(A).  She argues that the

evidence was insufficient to support the conviction.  Based on a review of the record and

relevant law, we conclude that the evidence was sufficient to prove the offense.  Consequently,

we affirm the conviction.

I.  BACKGROUND[1]

        The appellant was charged with driving while she "was deprived of the right to do so," a

third or subsequent offense within ten years.  At trial, the Commonwealth presented evidence

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] When the sufficiency of the evidence is challenged on appeal, the Court views the
evidence and all reasonable inferences flowing from it in the light most favorable to the
Commonwealth.  Peters v. Commonwealth, 66 Va. App. 743, 745 n.1, 791 S.E.2d 764, 765 n.1
(2016).

that Deputy C.T. Rosemeier of the Augusta County Sheriff's Office encountered the appellant during a traffic stop on June 18, 2016.

Rosemeier noticed the appellant driving a gray Toyota van with a license plate that was "suspicious" because it was "only affixed at one screw position at an angle." The deputy ran the license plate which came back registered to a gold Buick. Rosemeier then initiated a traffic stop of the van.

Deputy Rosemeier testified that when he asked for identification, the appellant gave him "an ID card." He checked the status of her driver's license and learned that it had been revoked.[2] The deputy "ran a driver transcript on [his] terminal" in the police car and identified "three previous convictions." The Commonwealth submitted into evidence certified copies of two prior conviction orders for the appellant's violations of Code § 18.2-272.

During the proceedings, the appellant made a motion to strike and renewed that motion at the completion of all of the evidence. She argued, in pertinent part, that the Commonwealth had not adequately proven notice of the revocation. The trial court denied the motions.

After the trial court overruled the appellant's motions to strike and before finding her guilty, the appellant's attorney "ask[ed] the Court to establish the evidence is sufficient today and to set it over with a presentence investigation to see what the appropriate next step is."

The trial court found the appellant guilty of driving after forfeiture of her license, a third offense within ten years, in violation of Code § 18.2-272(A). She was sentenced to two years in prison, with one year and one month suspended.

---

[2] The deputy explained that the appellant's driver's license status was listed as "revoked, DUI related."

## II. ANALYSIS

The appellant argues that the Commonwealth failed to present sufficient evidence to support her conviction. The Commonwealth counters that the appellant "invited the error that she now complains of on appeal" and, alternatively, that the evidence was sufficient.

### A. Invited Error

The Commonwealth initially argues that this appeal is barred by the invited error doctrine because the appellant's counsel asked the trial court to find that the evidence was sufficient to support the conviction.

A longstanding principle of law is that a party may not "invite error and then attempt to take advantage of the situation created by his own wrong." Rowe v. Commonwealth, 277 Va. 495, 502, 675 S.E.2d 161, 164 (2009) (quoting Cangiano v. LSH Bldg. Co., 271 Va. 171, 181, 623 S.E.2d 889, 895 (2006)). The invited error doctrine is applicable when a party advocates for an action and then subsequently alleges that same action to be error. See id. at 502-03, 675 S.E.2d at 165; Hansen v. Stanley Martin Cos., 266 Va. 345, 358, 585 S.E.2d 567, 575 (2003); see also Cohn v. Knowledge Connections, Inc., 266 Va. 362, 367, 585 S.E.2d 578, 581 (2003) (applying the invited error doctrine because the defendant agreed to the appealed ruling).

In this case, the appellant clearly argued in her two motions to strike that the evidence was insufficient to support the conviction. However, after the trial court denied her second motion, the appellant's counsel "ask[ed]" the judge to "establish the evidence is sufficient" and to order the presentence investigation. The conviction order reflects that the appellant moved to strike the Commonwealth's evidence, and that motion was denied. It further indicates that the motion was renewed and denied again "for reasons stated [in] the record." Nothing in the order suggests that the appellant invited the circuit court to find the evidence sufficient to support her conviction.

The appellant "clearly and consistently argued" her position "throughout the proceedings below" that the evidence was insufficient to support her conviction. See Everett v. Carome, 65 Va. App. 177, 184, 775 S.E.2d 449, 453 (2015). Consequently, "[t]he trial court could not have been in doubt about" her position. See id. (holding that the party did not invite the alleged error in part because it was "clear from the context of the record" that the party's agreement to dismissal was "simply acknowledg[ment] that . . . there was . . . no point in continuing the litigation in the circuit court"). Viewing the record as a whole, the appellant's request that the judge "establish the evidence is sufficient" was not an invitation to convict her but, rather, a suggestion to complete the guilt phase of the trial in order to prepare for the sentencing phase. Based on this record, the invited error doctrine does not apply to bar this appeal.[3]

## B.  Sufficiency of the Evidence

The appellant argues that the evidence was insufficient to support her conviction. She contends that the evidence did not establish beyond a reasonable doubt that she received proper notice of her license revocation or that any notice included the information that her driving status remained forfeited on the date of the instant offense. The appellant also argues that the evidence in the record did not adequately establish the predicate convictions necessary for a third or subsequent offense.

---

[3] The Commonwealth also suggests that the appellant's request that the trial court "establish the evidence . . . sufficient" constituted a waiver of any challenge to the sufficiency of the evidence on appeal. See generally Alford v. Commonwealth, 56 Va. App. 706, 710, 696 S.E.2d 266, 268 (2010) (noting that the concept of waiver is distinct from that of invited error). A litigant can withdraw an argument made either explicitly or implicitly only "upon clear and unmistakable proof of the intention to waive." King v. Commonwealth, 264 Va. 576, 581, 570 S.E.2d 863, 865 (2002) (quoting Chawla v. BurgerBusters, Inc., 255 Va. 616, 623, 499 S.E.2d 829, 833 (1998)). Here, the transcript does not show the appellant's clear intention to waive her two motions challenging the sufficiency of the evidence that immediately preceded the statement that the Commonwealth suggests is a waiver. Consequently, the concept of waiver does not apply.

Our analysis is informed by well-established precedent. In this Court's review of the sufficiency of the evidence, we affirm the decision unless the trial court was plainly wrong or the conviction lacks evidence to support it. See, e.g., Seaborn v. Commonwealth, 54 Va. App. 408, 414, 679 S.E.2d 565, 568 (2009). The dispositive question that we must resolve "is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Commonwealth v. Moseley, 293 Va. 455, 463, 799 S.E.2d 683, 686 (2017) (quoting Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009)). In conducting our review, we view the evidence and all reasonable inferences flowing from it in the light most favorable to the Commonwealth. Peters v. Commonwealth, 66 Va. App. 743, 745 n.1, 791 S.E.2d 764, 765 n.1 (2016). In addition, this Court considers all of the evidence together and does not view separate aspects of the record in isolation. Moseley, 293 Va. at 466, 799 S.E.2d at 688. However, the law is clear that "when the evidence is susceptible [to] two interpretations, the fact finder cannot *arbitrarily* adopt the one that incriminates the defendant." Clanton v. Commonwealth, 53 Va. App. 561, 573, 673 S.E.2d 904, 910 (2009) (*en banc*). The appellant was tried by the circuit court, sitting without a jury. Consequently, that court was the fact finder, and its "judgment is afforded the same weight as a jury verdict." Preston v. Commonwealth, 281 Va. 52, 57, 704 S.E.2d 127, 129 (2011).

### 1. Notice

Code § 18.2-272(A) provides, in pertinent part, that "[a]ny person who drives or operates any motor vehicle . . . in the Commonwealth during the time for which [she] was deprived of the right to do so" is guilty of a misdemeanor. In order to obtain a conviction for driving after forfeiture of one's license, whether "suspended or revoked . . . , in violation of this section of the Code, the Commonwealth must prove that the defendant had actual notice that [she] no longer had the privilege to drive in the Commonwealth when the offense occurred." Peters, 66

- 5 -

Va. App. at 746, 791 S.E.2d at 765-66; see also Bishop v. Commonwealth, 275 Va. 9, 13, 654 S.E.2d 906, 908 (2008) (requiring the Commonwealth to prove actual notice in the context of a conviction for driving a motor vehicle after having been declared a habitual offender in violation of Code § 46.2-357); Hodges v. Commonwealth, 64 Va. App. 687, 692, 771 S.E.2d 693, 695 (2015) (evaluating the sufficiency of the evidence proving notice in the context of driving on a suspended license in violation of Code § 46.2-301).

"Actual notice" is "[n]otice given directly to, or received personally by, a party." Notice, Black's Law Dictionary (10th ed. 2014). As with any other element of a crime, actual notice may be proven by circumstantial evidence. Hofheimer v. Booker, 164 Va. 358, 366, 180 S.E. 145, 147 (1935); see Haskins v. Commonwealth, 44 Va. App. 1, 6, 602 S.E.2d 402, 404 (2004). Evidence relevant to proving notice in the context of a driving offense includes a transcript of the defendant's driver history reflecting such notice obtained from the Department of Motor Vehicles and any statements made by the defendant indicating knowledge.[4] See, e.g., Bishop, 275 Va. at 13-14, 654 S.E.2d at 908-09; Peters, 66 Va. App. at 750, 791 S.E.2d at 767. In addition, in certain instances, depending on the facts of the case, a defendant's presence at a prior trial for driving on a suspended or revoked license may be relevant to proving notice. Peters, 66 Va. App. at 749-50, 791 S.E.2d at 767.

Notice may also be proven by showing that the party had actual knowledge of the fact. See Pitchford v. Commonwealth, 2 Va. App. 377, 381, 344 S.E.2d 924, 926 (1986) (holding that the fact that the defendant learned in person from a deputy that his license was suspended established actual notice); notice, Black's Law Dictionary, supra ("A person has notice of a fact

---

[4] The Code of Virginia provides some particular circumstances in which actual notice of a person's license suspension or revocation may be inferred. See Code §§ 46.2-203.1, -416. Neither of these statutes applies to a case such as this one, in which the record does not contain any evidence of notice sent or delivered as set out in the statutes.

or condition if that person . . . has actual knowledge of it . . . ."). Although the driving offense does not require that an individual intentionally drove knowing that his or her right to do so was forfeited, knowledge of his or her license status can establish that he or she received actual notice. See Code § 18.2-272; cf. Claytor v. Commonwealth, 62 Va. App. 644, 652-53, 751 S.E.2d 686, 689-90 (2013) (holding that Code § 46.2-357, which prohibits driving after being declared a habitual offender, does not contain a *mens rea* element).

Here, the Commonwealth argues that the evidence supports the trial court's finding that the appellant received notice. It emphasizes the evidence in the record of the appellant's revoked license status, her previous convictions for driving on a revoked license, and the fact that she provided Deputy Rosemeier with an identification card rather than a driver's license.[5]

The Commonwealth introduced as evidence certified copies of two orders from general district court reflecting the appellant's previous convictions under Code § 18.2-272 for driving on a revoked license.[6] The dates of those convictions are July 30, 2010, and March 20, 2014. Each order reflects that the appellant was present at trial and pled guilty. Those documents establish that the appellant knew at least at the time of her March 2014 hearing that her license

---

[5] The Commonwealth also relies on the appellant's statement in court as evidence of her guilt. After the trial court denied the appellant's motions to strike but before finding her guilty, the judge asked if there was "anything" that she "would like to say." The appellant responded that she "took a chance and . . . shouldn't have" and that "it was a mistake." Her statement, however, was not admitted into evidence. It was not made under oath and occurred after the Commonwealth concluded its case and the defense made motions to strike. The evidence is sufficient to support the conviction without weighing the appellant's statement, and consequently we do not address whether it could be considered as substantive evidence of her guilt.

[6] Neither conviction order recites any revocation, extended revocation, or other consequences for the status of the appellant's license. However, the orders reflect that the appellant was convicted in both 2010 and 2014 for violating Code § 18.2-272. Under Code § 46.2-391(A), the DMV was required to revoke her driver's license and "not thereafter reissue for three years" for a second or subsequent offense of Code § 18.2-272 within ten years.

was revoked and she was deprived of the right to drive as of the date of that offense, December 7, 2013.  See Peters, 66 Va. App. at 748, 791 S.E.2d at 766.

The Commonwealth also points to the appellant's response when Deputy Rosemeier asked her for "identification" during the traffic stop.  At that time, the appellant provided the deputy with an "ID card."  Viewing the evidence in the light most favorable to the Commonwealth, it was a reasonable inference that the identification card presented by the appellant at the traffic stop was a special identification card governed by Code § 46.2-345.  Further, possession of a special identification card supports the finding that the appellant did not have a driver's license in her possession.  See Code § 46.2-345(A)(4) (authorizing the Department of Motor Vehicles to issue a "special identification" card only to an applicant who does not have an operator's license).  A reasonable fact finder could therefore conclude that the appellant's production of a special identification card during a traffic stop signifies her knowledge that her driver's license was revoked at that time.

This evidence supports a finding that following the appellant's actual notice in 2014 of her license revocation, she also knew that her driving privilege remained revoked on the date of the offense before us.  Her license was in fact revoked at the time of the stop.  It was reasonable for the trier of fact to infer that she did not have a driver's license in her possession despite the fact that she was driving a motor vehicle.  Instead, she possessed a special identification card that is issued only to individuals without a valid driver's license.  See Code § 46.2-345.  Viewing the evidence collectively and in the light most favorable to the Commonwealth, we conclude it is sufficient to support the trial court's finding that the appellant had actual notice that her driving privileges remained revoked at the time of the instant offense.  See Moseley, 293 Va. at 466, 799 S.E.2d at 688.

## 2. *Prior Convictions*

Code § 18.2-272(A) provides that "[a]ny person convicted of three violations of this section committed within a 10-year period is guilty of a Class 6 felony." The Commonwealth introduced as evidence of the appellant's prior convictions copies of two summonses that were entered as conviction orders. One summons reflects a July 30, 2010 conviction for "driv[ing] while revoked" in violation of Code § 18.2-272. The other shows a March 20, 2014 conviction for "driv[ing] on [a] revoked license, 3rd offense," also in violation of Code § 18.2-272.

The appellant argues that the 2014 summons is insufficient to serve as a predicate violation of Code § 18.2-272. She suggests that the charge as described on the 2014 summons "could not be issued on a summons" and, consequently, that the "General District Court could have intended a misdemeanor conviction" under either Code § 18.2-272 or a different statute, Code § 46.2-301, which also prohibits driving on a revoked license.[7]

The Commonwealth was required to prove the prior convictions by "competent evidence." Perez v. Commonwealth, 274 Va. 724, 730, 652 S.E.2d 95, 98 (2007). The Commonwealth meets this burden when it:

> produces a properly certified conviction from a court of competent jurisdiction which appears on its face to be a valid final judgment, provided that in all felony cases and those misdemeanor proceedings where imprisonment resulted, there is evidence establishing that the defendant was represented by or properly waived counsel in the earlier criminal proceeding. "Upon such a showing by the [Commonwealth] the doctrine of 'presumption of regularity' is then applied, and unless the defendant presents credible evidence that there is some constitutional infirmity in the judgment it must stand."

James v. Commonwealth, 18 Va. App. 746, 752, 446 S.E.2d 900, 904 (1994) (citations omitted) (alteration in original) (quoting State v. Moeller, 511 N.W.2d 803, 809 (S.D. 1994)); see also

---

[7] Code § 19.2-74 allows the issuance of a summons for a Class 1 or 2 misdemeanor but not a felony such as a third or subsequent offense within ten years under Code § 18.2-272.

Farmer v. Commonwealth, 62 Va. App. 285, 289-90, 746 S.E.2 504, 506 (2013) ("In a subsequent proceeding, 'the Commonwealth is entitled to a presumption of regularity which attends the prior conviction because "every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears."'" (quoting Nicely v. Commonwealth, 25 Va. App. 579, 584, 490 S.E.2d 281, 283 (1997))). "[A] court's orders are presumed to accurately reflect what actually transpired . . . ." Palmer v. Commonwealth, 269 Va. 203, 207, 609 S.E.2d 308, 310 (2005).

Here, the Commonwealth introduced into evidence a certified copy of the appellant's 2014 summons for "driv[ing] on [a] revoked license 3rd offense" in violation of Code § 18.2-272. The order provides that the appellant was present in court and pled guilty to the charge. The general district court judge found the appellant "guilty as charged" and signed the document, thereby converting it into a conviction order. See generally Mwangi v. Commonwealth, 277 Va. 393, 395, 672 S.E.2d 888, 889 (2009) ("In a court-not-of-record, a judge's signature proves the rendition of a judgment."). The appellant's suggestion that she was actually convicted under a different statute, Code § 46.2-301, which proscribes driving on a suspended or revoked license, is directly contradicted by the face of the summons.

Further, the appellant's argument that the 2014 order could be interpreted as a conviction for a misdemeanor violation of Code § 18.2-272, rather than a felony violation of the same statute, is irrelevant to the disposition of her appeal. Quite simply, a conviction for violating Code § 18.2-272 as a third or subsequent offense, as was charged here, requires only that the defendant received two or more convictions under Code § 18.2-272 in the previous ten years. The offense does not require that either predicate offense was a felony.

Finally, the appellant does not suggest that the underlying conviction suffers from a "constitutional infirmity" within the meaning of James, 18 Va. App. at 752, 446 S.E.2d at 904

(quoting Moeller, 511 N.W.2d at 809). Therefore, we must accept that the order accurately reflects the appellant's 2014 conviction for driving on a revoked license under Code § 18.2-272.

The 2014 conviction order provided the trial court, as fact finder, with a sufficient basis for establishing a predicate offense.[8] As such, that evidence, in combination with the 2010 conviction order, supports the trial court's decision that the instant offense was a third or subsequent offense.

Accordingly, the evidence, viewed under the proper standard, supports the appellant's conviction for driving after forfeiture of her license in violation of Code § 18.2-272(A).

## III. CONCLUSION

We hold that the evidence is sufficient to prove beyond a reasonable doubt that the appellant received notice that her driver's license was revoked on the date of the instant offense. In addition, the record supports the trial court's finding that the offense was a third or subsequent violation of the statute within the requisite period of time. Consequently, we affirm the conviction.

Affirmed.

---

[8] In light of this holding, we do not reach the Commonwealth's argument that the phrase "3rd offense" was surplusage. See Mitchell v. Commonwealth, 141 Va. 541, 555-56, 127 S.E. 368, 373 (1925) (holding that a fact included in an indictment is surplusage if it is not legally necessary to the charge). See generally Perry v. Commonwealth, 280 Va. 572, 580, 701 S.E.2d 431, 436 (2010) (providing that an appellate court can affirm a judgment for any reason supported by the record as long as additional factual findings are not required).