COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McCullough and Senior Judge Annunziata
Argued by teleconference


DAVID H. DAILEY
                                                            OPINION BY
v.       Record No. 0922-11-4                   JUDGE STEPHEN R. McCULLOUGH
                                                            MARCH 6, 2012
JANICE M. DAILEY


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Robert J. Smith, Judge

        John K. Cottrell (Cottrell Fletcher Schinstock Bartol & Cottrell, on
        briefs), for appellant.

        Dorothy M. Isaacs (Surovell, Isaacs, Petersen & Levy, PLC, on
        brief), for appellee.


        David H. Dailey ("husband") contends that the trial court erred in holding that his

retirement, and the share of that retirement that is being disbursed to his former wife, Janice M.

Dailey ("wife"), did not constitute a basis to modify the husband's spousal support obligation to

wife. We agree with husband and, therefore, reverse and remand.

                                        BACKGROUND

        Husband and wife were divorced in 2009. The final decree of divorce, dated September 14,

2009, incorporated the parties' property settlement agreement. The agreement provides that

husband must pay wife $1,000 per month in spousal support "to continue . . . until such time as the

Wife's remarriage, or cohabitation with another person in a relationship analogous to marriage for a

period of one year, or Wife's death, or Husband's death, whichever first occurs. The support

provided for herein shall be modifiable upon a material change in circumstances . . . ." The

agreement further specifies, with respect to husband's retirement, that wife "shall receive fifty

percent (50%) of the marital share of the Husband's gross retirement pay if as and when received by the Husband." At the time of the divorce, husband was working for the Fairfax County Police Department. He had worked there for 29-and-a-half years. The Fairfax County retirement plan in question does not contain a survivor benefit for an ex-wife when the divorce occurs prior to retirement. Husband testified that at the time of the entry of the divorce decree, husband had no plans to retire.

On November 19, 2010, husband retired from the Fairfax County Police Department and obtained employment as a Deputy Sheriff in Loudoun County. As a consequence, wife began to receive both the spousal support and her share of husband's retirement pension. Prior to retirement, wife received $1,000 per month from husband in spousal support. Following husband's retirement, wife received a combined spousal support and pension share of approximately $3,900 per month.

Husband filed a motion to terminate or reduce wife's spousal support. He contended that his retirement, and wife's receipt of her share of his retirement pension, constituted a material change in circumstances. Wife agreed that a change in circumstances had occurred, but resisted any modification of support, contending that the parties had contemplated the change at the time they entered into their agreement. Following a hearing, the trial court noted that the parties agreed that a material change in circumstances had occurred. The court proceeded to consider the factors found in Code § 20-107.1(E)(1). After reviewing the factors, the court concluded that no modification of spousal support was warranted because paying both spousal support and a share of retirement was exactly what the parties had "bargained for." Husband appeals from this decision.

ANALYSIS

I. THE PROPERTY SETTLEMENT AGREEMENT

In view of the trial court's holding that the parties' agreement determined the outcome, we begin our analysis with a review of the agreement.[1] "Support agreements that are voluntarily made by the parties are subject to the same rules of construction applicable to contracts generally." Goldin v. Goldin, 34 Va. App. 95, 107, 538 S.E.2d 326, 332 (2000) (citation omitted). Where the terms of the agreement are unambiguous, courts must "adhere to the plain meaning of [the agreement's] stated terms," Southerland v. Estate of Southerland, 249 Va. 584, 588, 457 S.E.2d 375, 378 (1995), and may not "'read into [the agreement] language which will add to or take away from the meaning of the words already contained'" in the agreement, id. at 590, 457 S.E.2d at 378 (quoting Wilson v. Holyfield, 227 Va. 184, 187, 313 S.E.2d 396, 398 (1984)). We review a trial court's construction of a property settlement agreement under the same rules applicable to decisions reviewing contracts. Bailey v. Bailey, 54 Va. App. 209, 215, 677 S.E.2d 56, 59 (2009). Such decisions are matters of law which receive *de novo* review in this Court. Fry v. Schwarting, 4 Va. App. 173, 180, 355 S.E.2d 342, 346 (1987).

The agreement does not expressly address what impact husband's retirement would have on spousal support. The agreement neither specifies that husband's retirement, and wife's receipt of her share of that retirement, automatically will terminate spousal support, nor does the agreement provide that spousal support will continue upon wife's receipt of her share of husband's pension. Instead, what the agreement provides with respect to spousal support is that it may be modified upon the occurrence of "a material change in circumstances." Here, the parties *stipulated* to the

---

[1] We find unpersuasive wife's argument that the trial court's decision should be reviewed under a deferential abuse of discretion standard. The record makes clear that, although the trial court discussed in passing the factors listed in Code § 20-107.1(E), the court's ultimate conclusion rests exclusively on its interpretation of the agreement which is a question of law that is properly before this Court.

- 3 -

existence of a material change in circumstances.[2] Moreover, the trial court found a material change in circumstances, and this holding is not challenged on appeal. Based on the plain meaning of the agreement, the trial court erred by holding that the agreement precluded husband from seeking a modification of the support award.

## II. FORESEEABILITY OF HUSBAND'S RETIREMENT

Wife argues that husband's retirement was foreseeable, and, therefore, the agreement should not be modified. In some instances, a petition for modification of spousal support will be defeated because the change in circumstances was "foreseeable." In setting a spousal support award, trial courts "must look to current circumstances and what the circumstances will be 'within the immediate or reasonably foreseeable future.'" Srinivasan v. Srinivasan, 10 Va. App. 728, 735, 396 S.E.2d 675, 679 (1990) (citation omitted). Trial courts, however, are not required to anticipate everything that "may happen in the future." Id. "What is 'reasonably foreseeable' depends on the circumstances of the particular case." Furr v. Furr, 13 Va. App. 479, 482, 413 S.E.2d 72, 74 (1992). In essence, when a particular event or circumstance is reasonably foreseeable, trial courts are expected to build that event into the support award. When that expected event or circumstance occurs, it will not constitute a material change in circumstances. The foreseeability requirement

---

[2] This stipulation is unsurprising. "The 'circumstances' which make 'proper' an increase, reduction or cessation of spousal support under Code § 20-109 are financial and economic ones." Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 795 (1997) (citation omitted). Significant changes in income often will constitute a material change in circumstances, thus satisfying the first component of that test. See, e.g., Doering v. Doering, 54 Va. App. 162, 170-72, 676 S.E.2d 353, 357-58 (2009) (property settlement agreement allowed for modification of spousal support based on a material change in circumstances, and significant decrease in husband's income was such a change); Stubblebine v. Stubblebine, 22 Va. App. 703, 710-11, 473 S.E.2d 72, 75 (1996) (en banc) ("When considering an initial spousal support order or a modification, the trial court must consider each spouse's current circumstances, including the fact that a party has retired, the parties' plans and expectations associated with the retirement, and each parties' earning capacities and needs at the time of the hearing."); McGuire v. McGuire, 10 Va. App. 248, 250-51, 391 S.E.2d 344, 346-47 (1990) (upholding trial court's conclusion that income changes associated with retirement constituted a material change in circumstances).

finds its roots in Code § 20-109(B). This statute provides that a trial court may revisit spousal support if there is a "material change in circumstances" and that change was "not reasonably in the contemplation of the parties when the award was made."

For example, in Barrs v. Barrs, 45 Va. App. 500, 612 S.E.2d 227 (2005), husband paid wife $1,248,870 in annual installments, along with $8,000 per month in spousal support. Over time, wife was able to receive $60,000 per year in passive income. Husband argued that this passive income constituted a material change in circumstances that merited a reduction in his spousal support obligation. Id. at 505, 612 S.E.2d at 229. This Court disagreed, noting that, in making the original award, the trial court knew that wife would receive interest payments. Therefore, "passive income to the wife in the form of interest on the marital award was foreseeable." Id. at 509, 612 S.E.2d at 231. We find wife's foreseeability argument here, however, unavailing.

As a threshold matter, when the parties have reached an agreement on the question of spousal support, the agreement is highly relevant and perhaps dispositive in establishing what was reasonably in the contemplation of the parties at the time they entered into the agreement. As we conclude above, the agreement is silent on the question of whether spousal support should continue or terminate upon husband's retirement. Therefore, the agreement furnishes no basis upon which to conclude that the parties reasonably contemplated, or foresaw, the effect of husband's retirement upon husband's spousal support obligation.

Beyond this, "[w]hat is 'reasonably foreseeable' depends on the circumstances of the particular case." Furr, 13 Va. App. at 482, 413 S.E.2d at 74. When reviewing an appeal of a modification in spousal support, this Court looks to "objective evidence available at the time of the previous award of support in order to assess" whether "[the increase or decrease in income] might reasonably have been expected." Id. Retirement is a likely and predictable occurrence for most. A broad reading of foreseeability would mean that retirement would never constitute a material change

in circumstances. We have rejected such a broad reading of the foreseeability concept. Id. at 483-84, 413 S.E.2d at 74-75; see also Robertson v. Robertson, 215 Va. 425, 428, 211 S.E.2d 41, 44 (1975) (holding that a spousal support award could not be based on potential receipt of income from a trust, because "the husband's status with respect to the fund is at present uncertain"); Rogers v. Rogers, 51 Va. App. 261, 270-71, 656 S.E.2d 436, 440 (2008) ("[W]here a party may encounter better financial circumstances in the future, a circuit court should determine spousal support without considering the possibility of these circumstances and then modify the support award if the favorable circumstances come to fruition.").

The agreement provided that wife was to receive her share of husband's pension "if as and when received by the Husband." The evidence was uncontested that, at the time the trial court entered the divorce decree, husband had no plans to retire. Moreover, if husband died before retirement, wife would not have received any of husband's retirement pay. Such a contingent and uncertain event is not the sort of event that is "foreseeable" as that term is understood in this context. Therefore, we conclude that the material change in circumstances here was not one that was foreseeable.

CONCLUSION

The agreement provides that the spousal support award was modifiable upon a showing of a material change in circumstances, and the parties stipulated to a material change in circumstances. The existence of a material change in circumstances, of course, does not end the inquiry. Under settled law, "[t]he moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." Moreno, 24 Va. App. at 195, 480 S.E.2d at 794-95 (citation omitted).

The object of spousal support is to "provide a sum for such period of time as needed to maintain the spouse in the manner to which the spouse was accustomed during the marriage,

balanced against the other spouse's ability to pay." <u>Blank v. Blank</u>, 10 Va. App. 1, 4, 389 S.E.2d 723, 724 (1990). Husband argues that wife is now receiving a windfall. Wife, in contrast, asserts that her financial needs have increased since the previous award was made. We express no opinion with regard to whether the change in circumstances is one that warrants a change in support. Instead, we remand the case to the trial court for resolution of that issue.[3]

<u>Reversed and remanded.</u>

---

[3] Because husband prevails on appeal, we deny wife's request for attorney's fees in connection with the appeal.