COURT OF APPEALS OF VIRGINIA

Present:   Judges Fulton, Causey and Raphael
Argued at Lexington, Virginia


TAMARA T. OAKEY

                                        MEMORANDUM OPINION* BY
v.        Record No. 0910-23-3          JUDGE DORIS HENDERSON CAUSEY
                                        SEPTEMBER 17, 2024
DANIEL G. OAKEY


FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
J. Christopher Clemens, Judge

David G. Weaver (Weaver Law Firm, P.C., on briefs), for appellant.

Brian D. West (Sandground, West, Silek, Raminpour & Wright,
PLC, on brief), for appellee.


Tamara T. Oakey (wife) appeals the circuit court's order reducing Daniel G. Oakey's

(husband) spousal support obligation and setting a defined duration period.  On appeal, wife

argues that the circuit court erred in: (1) converting the duration of the original award of spousal

support without a material change of circumstances; and (2) modifying the spousal support

award based upon future events and circumstances that were reasonably contemplated at the time

of the original award of spousal support.  Wife alleges that the circuit court failed to consider her

potential needs and husband's potential income when he turned 70.  Husband's 70th birthday

was the date the circuit court ordered the support to terminate.  Further, wife challenges the

circuit court's determination of her and husband's income and contends that the circuit court

erred in denying her request to reserve jurisdiction over the spousal support award.  For the

reasons below, we affirm the circuit court's decision.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." *Nielsen v. Nielsen*, 73 Va. App. 370, 377 (2021) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)). Here, husband is the prevailing party.

Husband and wife divorced in 2013 after 13 years of marriage. Both husband and wife have children from earlier marriages, but no children were born of this marriage. At the time of their divorce, the circuit court determined that husband's gross adjusted annual income was approximately $229,000 and awarded wife $8,500 in monthly spousal support "for an indefinite period." In reaching the original spousal support award, the circuit court discussed the Code § 20-107.1(E) factors and found that during the marriage, the parties had an upper middle-class lifestyle. The circuit court determined that husband was in good health, outside the "emotional stress of his divorce and elevated cholesterol," while wife had "been diagnosed with fibromyalgia, migraine headaches, hypothyroidism, anxiety, and depression." Wife was also a full-time caregiver for her adult son, who had been diagnosed with schizoaffective disorder, and the circuit court found that her son's needs created a "significant obstacle" to wife's ability to work outside the home. After considering wife's health concerns and her role as her son's full-time caretaker, the circuit court found that wife's earning capacity was "greatly diminished." The circuit court noted that wife's father also lived with her and concluded that wife had no additional financial resources other than $600 her father paid her each month for food and utilities. Husband claimed that wife's father paid her $1,400 monthly. Nevertheless, the circuit court kept "open the possibility of recalibrating the support award from time to time as conditions changed" and reserved each party's right to seek modification or termination of the award in light of future material changes.

Several years later, at husband's request, the circuit court reinstated the matter on the docket to determine whether a material change of circumstances had occurred since the last support order and, if so, whether a modification of spousal support was warranted. Wife moved for an increase in spousal support.

At the support modification hearing in January 2023, husband argued for a reduction or termination of his spousal support obligation. He testified that he was the part owner and operator of a government affairs and lobbying company. Husband offered evidence demonstrating that his monthly income had slightly increased since the original support award. Husband acknowledged that his tax documents indicated that his total income appeared higher than what he actually took home, but explained that, as owner of the company, he was required to reinvest a portion of the total income into the firm. Husband also testified that he anticipated he would retire in January 2024, at which time he would receive $3,176 per month in Social Security benefits. Husband stated that following retirement, he would be unable to continue paying his monthly spousal support obligation of $8,500 to wife.

The circuit court also heard evidence as to how wife's income had changed since the original award. At the time of the hearing, she received monthly Social Security benefits in the amount of $1,401. The circuit court considered evidence that wife also received funds from her father's company and other sources averaging $34,380 per year. Wife explained that the other sources included a monetary gift from her father to help fund her daughter's wedding, as well as insurance proceeds to cover damage to her home.

Although wife was listed as president and secretary of her father's company, she denied receiving an income from her father's company. Wife admitted to receiving money from her father, but it was only to cover his "household care." Wife informed the circuit court that her only income

was spousal support, plus $1,400 per month in Social Security benefits. Wife also stated that she had substantial tax and credit card debt.

In addition, husband offered evidence that wife was no longer a full-time caregiver for her adult son. Husband hired a private investigator, who located wife's son at his father's home on several occasions. Wife testified that during the pandemic, her son lived with his father, but that outside of the summer months, he normally lived with her.

At the close of the hearing, the circuit court instructed the parties to file written closing arguments. Wife requested an increase in spousal support, based on the increase in husband's financial resources. Wife alleged that her own financial resources had not increased enough to sufficiently meet her needs. Wife requested "an increase of support to $9,500 per month or leave the current support the same, but make it not taxable to [wife] nor deductible by [husband]."

In response, husband noted that wife received a monthly Social Security benefit as well as regular deposits from her father's company, that averaged $24,926 yearly. Husband also emphasized that wife's adult son no longer resided with her or required her full-time care. Husband noted that wife's father lived with her and could contribute more to the monthly expenses of the home in which they both lived. Finally, husband stated that he planned to retire in January 2024. Considering all these changes in their circumstances, husband requested that the circuit court terminate his spousal support obligation.

After considering the evidence and the parties' written arguments, the circuit court issued a letter opinion, finding a material change of circumstances since the last spousal support order. The circuit court found that husband's salary had increased and averaged $245,000 for the previous 9 years, not including 2022. The circuit court also found that wife received $1,401 in monthly Social Security benefits, her adult son no longer resided with her, and she received financial assistance to care for her elderly father.

Having found a material change of circumstances, the circuit court considered Code § 20-107.1(E) factors to determine whether a modification in spousal support was warranted. The circuit court found that the parties were married for 13 years and that husband had been paying spousal support for a total of 14 years, which was longer than the marriage. The circuit court stated that, at the time, wife was 67 years old, and husband was 66 years old, and that neither was in "excellent" health. The circuit court found that wife was still able to assist her father and husband had been able to continue working at "a somewhat advanced age." The circuit court also determined that husband "must be allowed to plan for and eventually retire from what is described to be a stressful position as a lobbyist."

The circuit court held that wife received additional income from her father and other sources from 2017 to 2021, averaging $34,380 per year. The circuit court held that even if a portion of wife's additional income was "a 'gift' from [wife's] father to defray the costs of [wife's] daughter's wedding, and another portion w[as] for insurance payments for tree damage, there is significant additional income/funds available to" wife. Additionally, since the last support order, wife had received $16,812 yearly in Social Security benefits.

The circuit court noted that the original support award allowed for modification. The circuit court concluded that "[b]ased on these changes of circumstances and the age of the parties, it [wa]s unreasonable for [husband] to continue to pay $8,500.00 per month in spousal support." The circuit court also held that considering the length of the marriage, the age of the parties, and how long husband had paid spousal support to wife already, "lowering the spousal support [wa]s appropriate and that a defined ending of the support is further appropriate." The circuit court reduced husband's monthly support obligation, as of April 1, 2023, from $8,500 to $6,000. The circuit court also set a "definite ending date of the spousal support" as the first day of the month following husband's 70th birthday.

Wife filed a motion for reconsideration and, alternatively, a motion "requesting a five-year reservation of the right to request spousal support in the future" under Code § 20-107.1, beginning on husband's 70th birthday. Following a hearing, the circuit court denied wife's motion and entered a final order. Wife appeals.

ANALYSIS

"The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." *Nielsen*, 73 Va. App. at 379 (quoting *Dailey v. Dailey*, 59 Va. App. 734, 742-43 (2012)). "The trial court then has broad discretion in deciding whether the spousal support award should be modified and, if so, by how much." *Id.* The circuit court's decision will not be disturbed "where it is based on an *ore tenus* hearing, unless it is 'plainly wrong or without evidence in the record to support it.'" *Id.* at 381 (quoting *Barrs v. Barrs*, 45 Va. App. 500, 507 (2005)).

A. Material Change of Circumstances

On appeal, wife argues that the circuit court erred when modifying the original spousal support award and converting it from an undefined duration to a defined duration without a material change of circumstances. "Before a court may consider a party's motion to modify a support obligation, it must find a material change of circumstances." *Id.* at 380. "Whether there has been a material change of circumstances is a factual finding." *Id.* at 381.

Here, the circuit court found a material change of circumstances since the last support order based on several factors, including changes in husband's income, wife's financial resources, and wife's obligations toward her adult son's care. On appeal, wife does not challenge the circuit court's conclusion that her son no longer lives with her full-time, or that she receives $1,401 in monthly Social Security benefits.

Wife, however, argues that the circuit court erred in determining both her and husband's income. "The issue of a party's income is a question of fact that we will not disturb unless it is plainly wrong or without evidence to support it." *Da'mes v. Da'mes*, 74 Va. App. 138, 145 (2022) (quoting *Milam v. Milam*, 65 Va. App. 439, 462 (2015)).

Regarding husband's income, wife claims she is unable to "recreate the [circuit] court's calculations." In reaching its determination, the circuit court considered evidence of husband's federal income tax filings from 2013 to 2021. As owner of his company, husband reinvested a portion of the total income into his firm. Based on the evidence presented at trial, the circuit court averaged husband's income, less the amount reinvested into the firm, over a nine-year period. The circuit court's calculation of husband's income was not plainly wrong or without evidence in the record to support it. *Id.*

Regarding wife's income, the circuit court found that wife "received additional income, funds or deposits from her father or other sources from 2017 to 2021 that averaged $34,380.00 per year." On appeal, wife argues that she "will certainly not receive anything near the $34,380 in non-Social Security income found by the trial court" in the future. Wife alleges that the deposits included a gift from her father, as well as insurance proceeds. The circuit court acknowledged these deposits, but noted that even without them, there was "significant additional income/funds available to" wife from Social Security benefits and payments from her father. During the hearing, wife testified that the payments from her father were from his personal accounts and were "reimbursements" for things like groceries and his cell phone bill. Wife, however, offered no evidence, such as bills or receipts, to support her argument that she used the payments only for the care of her father. Based on the totality of the record, we find that the circuit court's calculation of wife's income was not plainly wrong or without evidence in the record to support it.

Accordingly, the evidence supports the circuit court's finding that since the entry of the last support order, the parties' incomes and financial resources had changed and wife's obligations toward her son's care had decreased. Therefore, we find the circuit court did not err in finding a material change of circumstances.

### B. Modification of Spousal Support

"Having found material changes in the circumstances of the parties, the trial court was required to evaluate whether those changes in circumstances justified a modification in spousal support 'as the circumstances may make proper.'" *Nielsen*, 73 Va. App. at 389 (quoting *Hollowell v. Hollowell*, 6 Va. App. 417, 419 (1988)). After the circuit court found a material change of circumstances, Code § 20-109(G) provides that "the court may consider the factors set forth in subsection E of § 20-107.1 and subsection F of [§ 20-109] in making its determination as to whether any modification or termination of such support should be granted."

As noted above, the circuit court explicitly stated that it considered Code § 20-107.1(E) factors.[1] In doing so, the circuit court appropriately considered the duration of the marriage. The parties were married for just over 13 years, spending the last 4 years of their marriage separated. At the time of the support modification hearing, husband had paid wife spousal support for the four years of their separation and ten years since the final divorce decree. The circuit court also appropriately considered the parties' age and health, noting that neither was "in excellent health." The circuit court found that wife was still able to care for her father and that husband was still able to work, but that he "must be allowed to plan for and eventually retire

---

[1] The court's letter opinion of March 17, 2023, finds that "there is a material change of circumstances based on several factors[,]" and then lists those factors. Specifically, the findings that "Ms. Oakey is now receiving $1,401.00 monthly social security benefits" and that "Ms. Oakey's son is no longer living full time with her in Roanoke." Additionally, the court "considered the factors contained in . . . Code § 20-107.1(3), regarding the duration of the marriage, and . . . Code § 20-107.1(4) regarding the age and physical and mental condition of the parties and any special circumstances of the family."

from what is described to be a stressful position as a lobbyist." Finally, the circuit court considered that wife had received additional income beyond spousal support, including Social Security benefits and payments from her father.

Wife challenges the circuit court's finding that "[b]ased on the length of the marriage, and the age of the parties, . . . lowering the spousal support is appropriate and that a defined ending of the support is further appropriate." Wife argues the circuit court erred because the parties' age and the length of the marriage were "not unforeseeable material changes in circumstances" at the time of the original award. She also argues that the circuit court erred in modifying the award of spousal support based upon future events and circumstances by terminating the support when husband turns 70 years old. Wife's arguments are unpersuasive because at the time of the original award, the circuit court explicitly contemplated a change in the future, as it kept "open the possibility of recalibrating the support award from time to time as conditions change[d], [and] reserv[ed] to this [circuit c]ourt (or any other court that may have jurisdiction to act) the right and power to modify or *terminate* spousal support, and reserving to each party the right, for good cause, to seek modification or termination." (Emphasis added). The circuit court recognized that the parties' situation may change as they grew older and allowed them to seek modification of the support award "in light of any material change in circumstances in the future." After finding that there had been a material change in circumstances since the last support order, the circuit court then considered the statutory factors and determined that a modification was warranted. As discussed herein, the record supports the circuit court's findings.

Wife alternatively contends that the circuit court failed to comply with Code § 20-107.1(F), because the order failed to state that the circuit court considered retirement in fashioning the award. Code § 20-109(F) applies in "an action for the increase, decrease, or

termination of spousal support *based on the retirement of the payor spouse*." (Emphasis added).

Here, both parties sought a modification of spousal support, but not because of husband's retirement. Rather, wife sought an increase in her spousal support award because of an increase in husband's financial resources and her continuing need for support. Meanwhile, husband argued for a reduction or termination of his spousal support obligation based on an increase in wife's financial resources and change in her caregiving duties. At the time of the hearing, husband was "almost" 66 years old and expressed a "desire to retire or substantially cut back his employment" within a year of the hearing. The circuit court did not reduce or terminate husband's spousal support obligation at the time of his planned retirement; instead, the circuit court continued spousal support until husband turned 70 years old, approximately 4 years after his intended retirement date. The court reasoned that husband "must be allowed to plan for and eventually retire from what is described to be a stressful position[.]" Husband testified that upon retirement there would be "[n]o possible way," he could continue paying the $102,000 in support. Thus, the circuit court did not make its decision based on husband's retirement, but rather, in its discretion, decided that reducing the amount of support and ending support when husband turned 70 was reasonable given the factors it examined under Code § 20-107.1(E). Considering the evidence in the light most favorable to husband, we find the circuit court's determination was not plainly wrong or without evidence in the record to support it. *Nielsen*, 73 Va. App. at 381. We therefore affirm the circuit court's order modifying the spousal support award.

### C. Reservation of Jurisdiction

Finally, wife argues that the circuit court erred in failing to grant wife a reservation for spousal support following husband's 70th birthday. Code § 20-107.1(D) states that "[i]n addition to or in lieu of an award pursuant to subsection C, the court may reserve the right of a

party to receive support in the future." A "court-ordered reservation of the right to receive spousal support pursuant to Code § 20-107.1(D) is a 'decree concerning maintenance and support' of a spouse." *Payne v. Payne*, 77 Va. App. 570, 591 (2023). "When a trial court grants a reservation of spousal support it is awarding the right to seek periodic or lump sum support and maintenance at a later date." *Id.*

Although the circuit court modified spousal support, wife still received a spousal support award. Wife retained the right to request a modification of the current award upon a showing of a material change in circumstances under Code § 20-109(B). Moreover, Code § 20-107.1(D) provides a rebuttable presumption that a reservation would "continue for a period equal to 50 percent of the length of time between the date of marriage and the date of separation." In this matter, husband had been paying spousal support longer than the parties had been married. Accordingly, we find the circuit court did not err in denying wife's request for a reservation.

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*