COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Causey, Friedman and Senior Judge Clements
Argued at Richmond, Virginia


JAMES JOSEPH MITCHELL, JR.

                                                    MEMORANDUM OPINION* BY
v.       Record No. 1686-23-2                       JUDGE JEAN HARRISON CLEMENTS
                                                    FEBRUARY 25, 2025

SUSAN BAUER MAINZER MITCHELL


              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                        M. Duncan Minton, Jr., Judge

              Richard L. Locke (Shannon S. Otto; Locke Family Law; Shannon
              Otto Law, PLLC, on briefs), for appellant.

              Player B. Michelsen (Stiles Ewing Powers PC, on brief), for
              appellee.


       James Joseph Mitchell, Jr. (husband) appeals the circuit court's order reducing his

monthly spousal support obligation to Susan Bauer Mainzer Mitchell (wife) from $9,000 to

$6,500.  He argues that the circuit court erred by failing to terminate his spousal support

obligation because wife did not prove she needed support.  Husband further alleges that the

circuit court erred by failing to retroactively terminate or reduce his spousal support obligation.

Finally, he claims the circuit court erred by failing to make certain findings of fact and that some

of its findings were not supported by the evidence.  Finding no error, we affirm the circuit

court's judgment.

_____

       * This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND[1]

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." *Nielsen v. Nielsen*, 73 Va. App. 370, 377 (2021) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)).

The parties married in 1984 and separated in 2011. On August 25, 2014, the parties entered a separation agreement, providing that husband would pay wife $9,000 monthly for spousal support. The agreement further stated that husband's spousal support obligation could be modified based upon a material change in circumstances, which included his "retirement at a reasonable age." The parties also agreed that it would not be a material change in circumstances if wife earned "up to $50,000 per year" from full-time employment, investment earnings, or assets she received under the agreement. On September 26, 2014, the circuit court entered a final decree of divorce that incorporated the parties' separation agreement.

On March 18, 2021, husband moved to reduce or terminate his spousal support obligation because wife no longer needed spousal support. He alleged that wife had received an inheritance and that her financial situation had improved since the divorce. Husband also alleged that he had retired and could no longer pay spousal support. Wife stipulated that a material change in circumstances had occurred.

At a hearing on husband's motion, the parties stipulated that husband received $1,477,785 of the parties' marital assets when they divorced and wife received $1,338,795. The parties further stipulated that the balances of husband's brokerage and bank accounts as of early 2023 totaled $5,464,204 and that wife's balances totaled $2,503,553.

---

[1] Portions of the record in this case were sealed. We unseal only the facts stated in this opinion to resolve the issues presented. *Brown v. Virginia*, 302 Va. 234, 240 n.2 (2023). The rest of the record remains sealed.

During the hearing, wife acknowledged that she was unemployed and had made no effort to find employment since the divorce. Wife's assets included an income retirement account containing approximately $525,000 that she had inherited from her father after the divorce and that she was required to withdraw $5,474 from the account every month. She further testified that she received monthly social security benefits in the amount of $1,087 and owned real estate valued at $305,000. According to wife, she had reinvested the investable assets she received from the divorce and did not use her investments to support herself. She claimed that her monthly expenses totaled $9,074 and acknowledged that she "[o]ccasionally" did not need to use the money she received from husband to support herself.

The parties presented testimony from financial experts who disputed wife's ability to support herself with her investments. Husband's expert financial advisor, Keith Muth, testified that wife could receive a reasonable, long-term rate of return of 8.25%, withdraw $9,300 every month, and still "almost double" her investment portfolio in 20 years. Wife's financial planning expert, Jennifer Berdell testified that the total rate of return on investment was 8.25%, 3.25% dividend income and 5% stock growth. According to Berdell, wife could support herself for life with a spousal support award of $6,750 per month for the duration of husband's life. She recommended that wife rely on the income and without selling stock so that she can remain financially sound in the future. Berdell criticized Muth's calculation, explaining that it failed to account for scenarios in which wife lived longer than 84 years, long term health care expenses, or otherwise needed more income. Berdell noted that "statistically, . . . people will have to have some sort of care in their future." During rebuttal, Muth opined that, even applying Berdell's analysis, wife would still have $10 million in her portfolio by the time she is in her 90s.

Husband testified that he was 67 years old and retired after he sold his business in 2021 for $3 million. He received $28,000 per month from rental and investment income. Husband

introduced an income and expense statement, which stated that his monthly expenses totaled $19,216. According to husband, the parties contemplated that wife would return to work after their divorce.

After taking the matter under advisement, the circuit court issued a letter opinion in which it found that there had been a material change in circumstances warranting a modification of husband's spousal support obligation. The circuit court reduced wife's monthly spousal support award from $9,000 to $6,500, beginning June 1, 2023. The circuit court's letter opinion cited Code § 20-109(G), stated that it had considered the factors stated in Code §§ 20-107.1(E) and 20-109(F), and expressly specified the factors it found to be "of primary importance." The circuit court specifically found that both parties were "well positioned financially," had "enjoyed a high standard of living during the marriage," and had been married for 30 years. The circuit court gave "little credence to the notion that [wife] could easily find employment at her age." The circuit court found that she had investable assets of approximately $2.5 million and "an extremely conservative strategy whereby she primarily uses spousal support for living expenses and uses her investments for growth." The circuit court also noted that wife would receive $5,500 monthly from her inheritance until 2030.

The circuit court acknowledged each party's age and that husband had significant health issues. It noted the relatively equal division of the marital assets when the parties divorced. The circuit court found that husband's health prompted his retirement and that his main income source at the time of the hearing was from investments. Wife had not worked since the divorce; the circuit court found it unlikely that she could easily find employment based on her age and gap in employment.

The circuit court further found that the parties clearly contemplated retirement as a material change of circumstances. The circuit court concluded that husband's retirement did not

impact either parties' income.  Husband had paid spousal support for eight years, totaling $864,000.  The circuit court concluded that "both parties have grown their property interests since the date of the order up to the date of the hearing."

Based on its review of the statutory factors and the parties' circumstances, the circuit court reduced the spousal support award to $6,500 monthly, beginning on June 1, 2023.  The circuit court declined to award either party attorney fees.  The circuit court entered its final order on August 29, 2023.  Husband appeals.

On appeal, husband challenges the circuit court's judgment, arguing that wife failed to prove she needed support, so the court should have terminated his support obligation.  He further challenges the grant of only a prospective reduction in his spousal support obligation, rather than making it retroactive to the date wife received notice of his motion seeking modification.  In addition, husband asserts that the circuit court failed to make substantive findings of fact regarding the parties' incomes, wife's need for support, and the reasonable rate of return on wife's investment portfolio.  Finally, he argues that some of the circuit court's findings of fact were not supported by the evidence.

ANALYSIS

I. Modification of Spousal Support

Setting and modifying spousal support involves "fact-specific decisions" that we review for an abuse of discretion.  *Nielsen*, 73 Va. App. at 390 (quoting *Brandau v. Brandau*, 52 Va. App. 632, 641 (2008)).  "The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support."  *Id.* at 379 (quoting *Dailey v. Dailey*, 59 Va. App. 734, 742-43 (2012)).  "The trial court then has broad discretion in deciding whether the spousal support award should be modified and, if so, by how

much." *Id.* The trial court's award "will not be disturbed except for a clear abuse of discretion." *Id.* at 390 (quoting *Robinson v. Robinson*, 50 Va. App. 189, 194 (2007)).

Wife stipulated that there had been a material change of circumstances since the circuit court entered the final decree of divorce. Accordingly, "the trial court was required to evaluate whether [the change] in circumstances justified a modification in spousal support 'as the circumstances may make proper.'" *Id.* at 389 (quoting *Hollowell v. Hollowell*, 6 Va. App. 417, 419 (1988)). A clear statutory framework, which the circuit court correctly identified, guided its analysis.

> In any action for the increase, decrease, or termination of spousal support, if the court finds that there has been a material change in circumstances, the court may consider the factors set forth in subsection E of [Code] § 20-107.1 and subsection F of this section in making its determination as to whether any modification or termination of such support should be granted.

Code § 20-109(G). The factors enumerated in Code § 20-107.1(E) include the "needs and financial resources of the parties," "[t]he property interests of the parties," and "[s]uch other factors . . . as are necessary to consider the equities between the parties." In addition, the "court shall further consider the assets or property interest of each of the parties from the date of the support order and up to the time of the hearing on modification or termination, and any income generated from the asset or property interest." Code § 20-109(G). Additionally, the circuit court "shall" consider additional factors enumerated in Code § 20-109(F), specifically addressing when the payor reaches retirement age. Code § 20-109(F).[2]

---

[2] Code § 20-109(F) provides that the circuit court "shall consider the following factors:"

> 1. Whether retirement was contemplated by the court and specifically considered by the court when the spousal support was awarded;

> 2. Whether the retirement is mandatory or voluntary, and the terms and conditions related to such retirement;

Husband contends that the circuit court erred by only reducing—not terminating—wife's spousal support award because she did not prove that she needed support. He specifically claims that Berdell testified that wife's income was "more than adequate to meet" her financial needs. Furthermore, he argues that wife's income from all sources "totals $11,918 per month" under the "most conservative" investment strategy, nearly $3,000 more than her claimed expenses. In sum, he contends that the circuit court erred when considering the "obligations, needs and financial resources of the parties, including but not limited to income from all pension, profit sharing or retirement plans," under Code § 20-107.1(E)(1).

Yet Berdell testified, consistent with her expert report, that wife needed at least $6,750 in monthly spousal support for the remainder of husband's life to support herself long-term. Although Berdell's investment strategy required wife to support herself solely with dividend income, Berdell explained that her strategy afforded wife the ability to "offset a potential long-term care event." The circuit court reasonably considered Berdell's testimony in assessing what modification in support was appropriate. The circuit court also reasonably concluded that wife would not "easily find employment at her age." The circuit court found that each party was "well positioned financially," noting that wife had investable assets of approximately $2.5 million and that husband had a combined estate valued at over $5 million. Given these circumstances, the circuit court did

---

3. Whether the retirement would result in a change in the income of either the payor or the payee spouse;

4. The age and health of the parties;

5. The duration and amount of spousal support already paid; and

6. The assets or property interest of each of the parties during the period from the date of the support order and up to the date of the hearing on modification or termination.

not clearly abuse its discretion by concluding that a reduction in, rather than a termination of, spousal support was appropriate.

Husband separately contends that the circuit court erred by awarding wife spousal support because two of its factual findings are not supported by the evidence. Specifically, he claims that the evidence did not support the finding that the parties "enjoyed a high standard of living during the marriage" or that wife had "an extremely conservative" investment strategy. Rather, husband claims that neither party presented evidence addressing their lifestyle during the marriage and that the evidence established that wife disregarded Berdell's investment strategy. The record reflects, however, that the circuit court considered the parties' financial circumstances at both the time of divorce and the hearing, wife's living expenses, and her testimony that she did not use the spousal support to pay for her living expenses. Moreover, husband's financial expert offered investment strategies that could increase wife's rate of return on her assets. Based on the foregoing, the circuit court's findings were not plainly wrong as husband claims.

The circuit court also explicitly considered the statutory factors in Code § 20-109(F) when determining the effect of husband's retirement on the appropriate spousal support obligation. We find no abuse of the circuit court's discretion based on this record. *Nielsen*, 73 Va. App. at 379.

## II. Sufficiency of Written Findings

To comply with Code § 20-107.1(F), a circuit court "should identify all relevant statutory factors supporting its decision and provide an explanation of its resolution of any significant underlying factual disputes." *Cleary v. Cleary*, 63 Va. App. 364, 370 (2014) (quoting *Pilati v. Pilati*, 59 Va. App. 176, 182 (2011)). "While a trial judge must consider all the factors, the judge is *not* 'required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" *Pilati*, 59 Va. App. at 183 (emphasis added) (quoting *Duva v. Duva*, 55 Va. App. 286, 300 (2009)). "What weight, if any, to assign to this [or that] factor . . . lies within the

trial court's sound discretion." *Id.* (first alteration in original) (quoting *Robbins v. Robbins*, 48 Va. App. 466, 481 (2006)).

Husband argues that the circuit court erred by failing to make substantive and meaningful findings of fact such as determining each party's income; wife's need, if any, for support; and a reasonable rate of return on wife's substantial investment assets. Husband essentially contends that the circuit court erred by failing to properly consider the first factor enumerated in Code § 20-107.1(E). *See* Code § 20-107.1(E)(1). The circuit court, however, must consider many factors—not just one—when awarding spousal support and it considered all such factors.

As noted above, the circuit court issued a letter opinion explaining its ruling. It identified the statutory factors that impacted its decision and made numerous written findings of facts. Specifically, the circuit court found that both parties were "well positioned financially," noting the value of each party's assets and the income they received. Wife had not worked since the divorce and the circuit court found it unlikely she could secure employment under the circumstances.

The circuit court also determined that the parties had a high standard of living during their marriage and that husband had an aggressive investment strategy, while wife's had been conservative. Husband quibbles with these two factual findings, arguing that they are unsupported by the record. But the record reflected the parties' financial circumstances at the time of divorce, including the value of the marital estate, as well as wife's current living expenses. It also heard the competing testimony of two financial experts, who clearly had different investment strategies. So the record fairly supports the circuit court's conclusions, including that one investment strategy was more conservative than the other.

In sum, the circuit court considered the relevant statutory factors, and based on the record, we cannot say that the circuit court it abused its "broad discretion" in finding that husband had not proven a termination of spousal support was warranted. *Nielsen*, 73 Va. App. at 379.

### III. Retroactive Modification of Spousal Support

"Except as provided by § 20-110, no support order may be retroactively modified, but may be modified with respect to any period during which there is a pending petition for modification in any court, but only from the date that notice of such petition has been given to the responding party." Code § 20-112. "[W]hether to make modification of a support order effective during a period when a petition is pending is entirely within the discretion of the trial court. Its decision in this regard will not be disturbed on appeal absent an abuse of discretion." *O'Brien v. Rose*, 14 Va. App. 960, 965 (1992).

Husband contends that "[i]f this Court accepts" his argument and determines that wife failed to demonstrate a financial need for spousal support, then his spousal support obligation should be terminated retroactively to the date he served wife with the motion. Husband reasons that wife did not have a financial need for spousal support on the date of service. Having rejected husband's argument concerning termination of his support obligation, we find no error in the circuit court's judgment.[3]

### IV. Appellate Attorney Fees

Wife requests an award for her attorney fees and costs incurred on appeal. "The decision of whether to award attorney[] fees and costs incurred on appeal is discretionary." *Koons v.*

---

[3] Husband provides no other argument to support his claim that the circuit court abused its discretion by not making the modified support amount retroactive to the date wife received service of his motion to terminate or reduce spousal support. An appellant's opening brief must include "the argument (including principles of law and authorities) relating to each assignment of error." Rule 5A:20(e). "As we have often said, '[l]ack of an adequate argument on brief in support of an assignment of error constitutes a waiver of that issue." *Coward v. Wellmont Health Sys.*, 295 Va. 351, 367 (2018) (quoting *Andrews v. Commonwealth*, 280 Va. 231, 252 (2010)). By failing to provide any argument explaining how the circuit court abused its discretion declining to make the support modification retroactive, husband has waived this challenge to the circuit court's ruling.

*Crane*, 72 Va. App. 720, 742 (2021) (quoting *Friedman v. Smith*, 68 Va. App. 529, 545 (2018)).

Considering the record before us, we deny wife's request.

CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment.

*Affirmed.*