COURT OF APPEALS OF VIRGINIA

Present: Judges Causey, Chaney and White

STEPHEN ALAN WILLING

MEMORANDUM OPINION*
v.      Record No. 1355-24-2                        PER CURIAM
                                                    FEBRUARY 10, 2026
DEBBIE BORNT WILLING

FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Melvin R. Hughes, Jr., Judge Designate

(Rachel L. Yates; Law Office of Rachel Yates, PLLC, on briefs), for
appellant.

(Norman A. Thomas; J. Kyle Farmer; Norman A. Thomas, PLLC;
Raynor & Farmer, P.C., on brief), for appellee.


Stephen Alan Willing (husband) appeals the circuit court's order reducing his spousal

support obligation to Debbie Bornt Willing (wife). Husband contends that his health issues and

retirement warrant a termination or steeper reduction in his spousal support obligation. Finding no

abuse of discretion, we affirm.[1]

BACKGROUND

After 30 years of marriage, the parties divorced in 2011. During the marriage, wife had

been a stay-at-home mother of their three children and husband had been employed as a physician.

The divorce decree incorporated the parties' separation and property settlement agreement, setting

spousal support at $3,500 per month plus 3% annual increases to account for cost-of-living changes.

* This opinion is not designated for publication. See Code § 17.1-413(A).

[1] Having examined the briefs and record in this case, the panel unanimously agrees that
oral argument is unnecessary because "the dispositive issue or issues have been authoritatively
decided, and the appellant has not argued that the case law should be overturned, extended,
modified, or reversed." See Code § 17.1-403(ii)(b); Rule 5A:27(b).

By August 2023, the monthly award had grown to $5,000. The parties' agreement required wife to pay income taxes on the spousal support she received.

In 2023, husband moved the circuit court to modify or terminate spousal support. Husband argued that he had experienced a material change in circumstances when he began suffering from a neurocognitive disorder and declining mental capacity, resulting in his inability to work as a physician. Husband retired in June 2023 at age 66, causing his income to decrease.

In 2024, the circuit court conducted an evidentiary hearing. The parties agreed that circumstances had changed, given that husband would be eligible for retirement under Social Security guidelines. Accordingly, the hearing focused on whether the factors in Code § 20-109(F) warranted a modification in spousal support.

Husband testified that his ability to pay had diminished since 2011 due to his age, several diagnosed strokes, and other conditions. He experienced sleep deprivation, declining memory, and an inability to focus. Husband testified that his impaired mental capacity required him to retire, resulting in no employment income. And although each party had well over $2 million in assets, husband's net worth was less than wife's. Husband testified that his net worth was around $2.4 million. Wife had a net worth of roughly $2.6 million.

Wife testified that she had been a stay-at-home mother during the marriage, and after the divorce, she worked sporadically as a caregiver. In 2011, wife earned $33,000 by caring for her dying mother, but that income was limited to that year. Otherwise, wife had difficulty finding employment. But she continued to provide care for her children and grandchildren. Post-divorce, wife practiced "fear[-]based frugality," and her cautious management yielded a monthly surplus of $1,177.

Excluding spousal support, market earnings retained in accounts, and distributions of principal or earnings, wife generally received less annual income than husband. As summarized in

plaintiff's demonstrative exhibit which noted the above exclusions, annually wife received about $73,966.50, while husband received about $127,845.23.[2] The record includes numerous financial exhibits, and the court heard testimony on the parties' respective incomes.

Husband's expert, Dr. Sautter, testified via deposition that husband's neurological assessment indicated "chronic hypersomnia sleep disfunction" and cognitive difficulties, without any dementia. Dr. Sautter opined that husband suffered from a sleep disorder related to his stroke. Dr. Sautter recognized husband's difficulties working as a doctor.

After considering all the evidence and all the required statutory requirements, the circuit court concluded that husband's spousal support obligation should be reduced, but husband was not entitled to a "full stop" in payments. The circuit court reduced the obligation to $3,500 per month and terminated the 3% escalator. Husband moved the circuit court to reconsider its ruling, and wife opposed the motion. The circuit court denied husband's motion because the court had adequately evaluated the parties' financials, and the court had no obligation to equalize relative incomes.

Husband timely appealed.[3] He contends that the circuit court erred in determining the parties' incomes and that it should have terminated or further reduced his spousal support obligation. Husband argues that the circuit court failed to consider income that wife's investment accounts generated and it did not accurately identify the parties' net earnings. Husband contends that his income after paying spousal support is insufficient to meet his needs. Wife disagrees, contends husband's appeal is without merit, and seeks attorney's fees.

---

[2] This exhibit was titled "Parties' Gross Income Comparison" for the year 2023.

[3] We deny wife's motion to dismiss this appeal, finding that husband had standing to appeal.

ANALYSIS

Setting and modifying spousal support involves "fact-specific decisions" that we review for an abuse of discretion. *Nielsen v. Nielsen*, 73 Va. App. 370, 390 (2021) (quoting *Brandau v. Brandau*, 52 Va. App. 632, 641 (2008)). "The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." *Id.* at 379 (quoting *Dailey v. Dailey*, 59 Va. App. 734, 742-43 (2012)). "The [circuit] court then has broad discretion in deciding whether the spousal support award should be modified and, if so, by how much." *Id.* The circuit court's award "will not be disturbed except for a clear abuse of discretion." *Id.* at 390 (quoting *Robinson v. Robinson*, 50 Va. App. 189, 194 (2007)).

Code § 20-109(E) provides that attaining "full retirement age" qualifies as a material change in circumstances, and Code § 20-109(F) sets forth factors for determining whether the change warrants modification of support. Those factors include the "age and health of the parties," whether retirement results in a change in income, and the "assets or property interest of each of the parties." Code § 20-109(F). The circuit court also considers "any income generated from the asset or property interest." Code § 20-109(G). A party's income is a finding of fact that we will not disturb unless it is plainly wrong or without evidence to support it. *Da'mes v. Da'mes*, 74 Va. App. 138, 145 (2022).

When considering whether a circuit court has abused its discretion, our Supreme Court has instructed that the circuit court "has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Sauder v. Ferguson*, 289 Va. 449, 459 (2015) (quoting *Landrum v. Chippenham & Johnston-Willis Hosp., Inc.*, 282 Va. 346, 352 (2011)). "[O]ur appellate review rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie." *Hamad v. Hamad*, 61 Va. App. 593,

- 4 -

607 (2013). "Thus, '[o]nly when reasonable jurists could not differ can we say an abuse of discretion has occurred.'" *Sauder*, 289 Va. at 459 (alteration in original) (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)).

Here, the circuit court considered the evidence and statutory factors before it exercised its discretion in reducing the spousal support award. The court considered the expenses, incomes, and other statutory factors related to both parties. As to expenses, the court acknowledged wife's fear-based frugality. In contrast, husband asserted no claim to frugality, and his expenses included a mistaken double-count of insurance premiums and certain non-recurring expenses, such as home repairs and legal expenses. Although husband claimed he could not cover his expenses, husband's net worth exceeding $2 million belied his argument.

Turning to the circuit court's income determination, the record supports the circuit court's evaluation. The court considered both parties' "financial resources (life insurance cash value, dividends, interest earnings, IRAs stock accounts, etc.)." The record contains financial documentation, including dividend statements, and testimony from both parties. Contrary to husband's argument that the court overlooked wife's investment income, wife testified that she had $17,825 of dividends, interest, and capital gains from her Vanguard Roth IRA account. Wife also produced evidence of her $4,671.51 income from her Vanguard Traditional account, and her $29,373.41 income from her Vanguard Brokerage account. And although the court considered wife's demonstrative exhibit, there is no indication that the court considered it as a substantive exhibit. Moreover, the figures referenced in the demonstrative exhibit find support in the record, such as wife's Vanguard account incomes.

In determining support obligations, the circuit court's evaluation was not restricted to a goal of solely maintaining wife's standard of living during the marriage or equalizing the parties' respective incomes. *See Robinson v. Robinson*, 54 Va. App. 87, 97 (2009) (rejecting a spousal

support cap, and upholding an award that created a monthly surplus to wife of over $1,110).  Such limitations would contradict the requirement that courts consider and weigh all the statutory factors. *Id.* at 91.  Thus, the record confirms that the circuit court appropriately exercised its discretion in evaluating the statutory factors, and it had no obligation to explain how it weighed each factor.  *Id.*

Turning to wife's attorney's fees request, we have discretion over whether to award attorney fees on appeal.  Rule 5A:30(b).  In determining whether to grant attorney fees, we consider factors including whether a party prevailed, whether the appeal was frivolous, whether either party generated unnecessary expense or delay in pursuit of its interests, as well as "all the equities of the case." *Friedman v. Smith*, 68 Va. App. 529, 546 (2018); *see also* Rule 5A:30(b).  Based on consideration of those factors, we decline to award attorney's fees to either party.

CONCLUSION

Because the evidence supports the circuit court's decision and its exercise of discretion, we affirm the judgment.

*Affirmed.*